OPINION OF THE COURT
Bernard Fuchs, J.
This holdover petition seeks possession on the ground that the apartment is not respondent’s primary residence. After trial, the petition is dismissed. The court concludes that *130 respondent’s mother, Petra Suarez, is the lawful tenant entitled to a lease under the Rent Stabilization Code (9 NYCRR parts 2520-2530) (Rent Stabilization Code).
Respondent first took possession of the apartment under a two-year lease commencing September 1, 1977 and lived there with her infant daughter. A succession of renewal leases followed, the last of which ran from February 1, 1991 to January 31, 1993.
The parties have stipulated that (1) Petra Suarez moved in with respondent no later than September 1, 1978 (although respondent says it was from the inception of the lease, September 1, 1977), and (2) respondent and her daughter moved out to live in a separate apartment on or after September 1, 1985 and not later than January 1, 1986. From the evidence adduced at trial the court concludes that Petra Suarez did not reside in the apartment from the inception of the lease.
Under section 2523.5 (b) (1) of the Rent Stabilization Code which took effect May 1, 1987, when a tenant who is offered a renewal lease as required by section 2523.5 (a) has "vacated the housing accommodation, any member of such tenant’s family, as defined * * * who has resided in the housing accommodation as a primary resident from the inception of the tenancy * * * shall be entitled to * * * the renewal lease.” The definition includes a mother.
The previous form of the quoted Code provision, which was in effect when respondent moved out, did not provide for succession of family members. Only a tenant of record could renew the tenancy. (Sullivan v Brevard Assocs., 66 NY2d 489 [1985].) Under this court’s finding, neither of these forms of the Rent Stabilization Code would be of assistance to Petra Suarez because she did not reside in the apartment at the inception of the tenancy and was not a tenant of record. There appears to be no question that she has resided in the apartment as her primary residence.
The May 1, 1987 form of the Rent Stabilization Code has since been amended effective November 1989. (See, Rent Stabilization Code [9 NYCRR] § 2520.7; State Administrative Procedure Act § 203.) This latest amendment provides that the family member may succeed to the lease if she has resided in the apartment as her primary residence for "no less than two years * * * immediately prior to the permanent vacating of the housing accommodation by the tenant.” (9 NYCRR 2523.5 [b] [1].) Both of these last two forms of the Code provision took *131 effect, however, after January 1, 1986, the latest date that Alma Suarez could have permanently vacated the apartment under the parties’ stipulation. The outcome turns, therefore, on whether the current form of section 2523.5 (b) (1) of the Code has retroactive effect.
In Lesser v Park 65 Realty Corp. (140 AD2d 169 [1st Dept 1988]) plaintiff was granted judgment declaring his entitlement to a renewal lease. His grandmother had resided in the apartment as a rent-stabilized tenant from May 1968 until her death on December 12, 1985. The last lease expired September 30, 1986. Plaintiff moved in to reside with his grandmother in November 1983 and continued to reside in the apartment after her death, demanding the rights of a tenant.
Section 2523.5 (b) (2), effective May 1, 1987, entitled a surviving family member who has resided with the tenant for two years prior to the tenant’s death, to renew the lease at its expiration. The Court applied the May 1, 1987 provision retroactively, holding it to be "remedial” because it was promulgated to "prevent the grievous harm that would ensue from the wholesale eviction of family members.” (Lesser v Park 65 Realty Corp., supra, at 173.) It noted (at 173) that "statutes affording protections to tenants are to be liberally construed as implementing the purposes for which the rent laws were enacted.”
There is no reason to believe that section 2523.5 (b) (1) is any less remedial than section 2523.5 (b) (2). It prevents the same "grievous harm” which concerned the Court in Lesser (supra) and will, if anything, prevent an even more "wholesale eviction of family members” than the provision which Lesser applied. Indeed, the previous form of section 2523.5 (b) (1) has also been applied retroactively for the benefit of a family member who was a primary resident from the inception of the tenancy. (Festa v Leshen, 145 AD2d 49 [1st Dept 1989].)
The amended form of section 2523.5 (b) (1) which took effect November 1989 must therefore be applied retroactively and is controlling in this proceeding.